JEFFERY ALLEN MCCLELLAN,    )
#277 145,    )
    )
    Plaintiff,    )
    )
    v.    )    CIVIL ACTION NO. 2:17-CV-452-WKW
    )    [WO]
ALICIA WHITE, *et al.*,    )
    )
    Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 18, 2017, the court entered an order granting Plaintiff ten days to file an amendment to his complaint. Doc. 4. Plaintiff was cautioned that his failure to comply with the court's July 18 order would result in a Recommendation that his complaint be dismissed. Doc. 4. The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After this review, the court concludes that dismissal is the proper course of action. Plaintiff is an indigent individual so the imposition of monetary or other punitive sanctions against him would be ineffectual. And Plaintiff's inaction in the face of Defendants' report and evidentiary materials refuting the claims suggests an abandonment of this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where

a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further ORDERED that **on or before August 25, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 11th day of August, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE